ANTONIO QUIRÓS SANTIAGO, Petitioner and Appellant, *v.* BOARD OF PHARMACY, ETC., Defendant and Appellee.

No. 6088. Argued April 4, 1934.—Decided June 14, 1935.

662

A. *Quirós Méndez* for appellant.   *Benjamin J. Horton, Attorney General, and Felipe Janer, Assistant Attorney General* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Antonio Quirós Santiago filed a petition for a writ of mandamus whereunder the Board of Pharmacy should be ordered to recognize the right of the petitioner to practice the profession of pharmacy and to deliver to him his license as a pharmacist. The court issued an alternative writ. The defendant, through the office of the Attorney General, answered, but after a hearing the District Court of San Juan dismissed the petition.

Various were the defenses set up; namely, for several reasons lack of power or authority in the Board to comply, *res adjudicata* and laches. The appellant relies on several acts of the Legislature, on having qualified as pharmacist many years ago and we may say, in effect, given such qualification and the various acts, specially that of 1931, on the fact that the Board of Pharmacy is the only entity in Puerto

Rico that can set the petitioner on his feet to practice his profession.

In 1913 or in 1914, the petitioner took his examinations before the then Board of Pharmacy: It transpires that the individual members of the Board of Pharmacy in that period decided that the petitioner was entitled to practice the profession of pharmacy. Accordingly, the petitioner was asked to pay $25.00 for the issuance of a diploma or license, as the case may be. This he did. Then it was that frauds and irregularities were discovered in the issuance of diplomas by the Board of Pharmacy and various measures taken to suppress them. Thereupon the treasurer of the Board returned the $25.00 to the petitioner. Meanwhile, five members of the Board had signed a paper writing without date which said that Antonio Quirós Santiago had complied with the law and was thereby granted a license to practice pharmacy in accordance with the Act of March 8, 1906. This so-called diploma was not dated nor enrolled and was never delivered to the petitioner.

Among other things, Mr. Daubón, who was then part of the Board and also was a part of the board at the time of the trial in this case, testified that the petitioner had taken his examinations and passed them well, at least for the ones in which Daubón had examined him, and that also the Board had agreed that he, the petitioner, was complete. Nevertheless, thereafter a subsequent board examined this case and decided, more or less in accordance with the decision of this court, *Monclova* v. *Board of Pharmacy*, 24 P.R.R. 42, that the petitioner was not entitled to his license because he had not duly matriculated.

Section 9 of the Act of 1921 provides (Session Laws, p. 138):

"That any person to whom a license of pharmacist shall have been issued without first complying with the requirements provided for by law and shall have practiced consecutively for a period of not less than three years, shall be entitled to practice or to continue

practicing the profession of pharmacy, provided such person shall not have been convicted of fraud for the purpose of securing the issuance of such license.''

Petitioner cites this act in the course of his brief and to a certain extent relies on this act to show that it was unnecessary for him to matriculate. As we understand it, however, the right to the mandamus in this case does not depend upon said section 9, and we shall refer to this again.

What the petitioner does rely on is the Act of 1931 which provides as follows (Session Laws, p. 594):

''An Act to authorize the delivery, of certain diplomas withheld by the Board of Pharmacy of Puerto Rico, and for other purposes.

''Be it enacted by the Legislature of Puerto Rico:

''Section 1.—Every person in whose favor a pharmacist's diploma, signed by four or more members of the Board of Pharmacy, has been filled out, or who appears in the official registers as having passed in all the subjects of the pharmaceutical profession, shall have the right to practice pharmacy in Puerto Rico, if he has not committed fraud in the examination; *Provided*, That the Board of Pharmacy shall register such diplomas after they are issued.

''Section 2.—This laws or parts of laws in conflict herewith are hereby repealed.

''Section 3.—This Act shall take effect ninety days after its approval.''

The court below pointed out that according to the said act a person who had fulfilled any of the requisites of the said act would have a right to practice pharmacy in Puerto Rico, provided he had committed no fraud. Then the court held that the first part of the Act of 1931 imposed no duty on the board, that the only duty that was imposed on the board thereafter was to record the diplomas after they had been issued. The court went on to say that the act does not express what diplomas should be recorded nor who should issue them; that it did not appear that the board was under any obligation to deliver a diploma, etc.; that a license was not a diploma and that the license *(sic)* that they issued in this case had no value or efficacy or any legal

effect because no date was expressed therein; that the only place where the delivery was spoken about was in the title, and that the title was not the act.

The law is not at all clear. Reading it, however, we are quite convinced that neither by it nor by any other act in Puerto Rico is the Board of Pharmacy bound to issue licenses except where the candidate has complied with certain pre-requisites and has matriculated in accordance with the general law. In other words, the duties of the board under the various pharmacy acts of Puerto Rico are limited. The petitioner does not convince us that the Board of Pharmacy was under a duty to issue him a license by virtue of the Act of 1931.

Giving to the petitioner full color in benefit of his claim it would appear that what the Legislature of Puerto Rico did, was to authorize the petitioner to practice his profession in Puerto Rico under the conditions established in the said act, but the said act did not order the board to authorize the petitioner to practice. We may repeat that this authorization would come from the act itself.

██ The petition for mandamus in this case does not ask that the board should issue to the petitioner the so-called license signed years ago by the five members of the board, but asks in part that the court below order the board to issue the petitioner a license. If any rights the petitioner had, they proceeded from the act of the Legislature itself and he needed no further action from the board.

The petitioner says in his brief that a pharmacist would have to exhibit his license in order that he may practise. Section 5 of the Act of March 10 of 1910 provides as follows (Comp. Stat. 1911, sec. 1755):

"To insert between section fourteen and the following a paragraph reading as follows: 'All certificates issued by this board or previous boards shall be placed in any corresponding drug stores in which their respective possessors are employed.'"

This act would require the petitioner to exhibit a license if he had obtained one, but if the Legislature expressly authorized him to practice his profession he would not need to exhibit a license. What then perhaps he might do would be to frame a copy of the act and obtain a copy of the paper writing signed by the five members of the board so many years ago.

This is all upon the basis that the petitioner was entitled to have his license issue after he took his examinations. Such was not the fact, however. He had not duly matriculated. We do not read section 9 of 1921 as applying to this case, because strictly following the law, no license was actually issued to him. It remained in the hands of the board. We can not interpret section 9 of the Act of 1921 as being a substitute for matriculation. Whatever license there was, it was vitiated for lack of compliance with conditions precedent.

We have not given great attention to the matter of *res judicata*, but somebody by the name of Giol, along with the petitioner, made an application to the District Court of San Juan, and the application was denied. We are not prepared to hold that the district court was mistaken in deciding that the plaintiff was barred, nor yet, that he was not guilty of laches.

The writ of mandamus will not issue in a doubtful case. It should clearly appear that the Board of Pharmacy had a duty specifically expressed by the law, or a very necessary inference from other expressions in the law.

*González* v. *The Board of Pharmacy,* 20 Phil. Rep. 367, was a case where the petitioner sought to claim a certificate from the Board of Pharmacy in the Philippines. The facts are distinct from those of this case. However, the court said:

"It is essential to the issuance of the writ of mandamus that the plaintiff have a clear legal right to the thing demanded and it must be the imperative duty of the defendant to perform the act required.

It never issues in doubtful cases. While it may not be necessary that the duty be absolutely express, it is necessary that it should be clear. The writ will not issue to compel an official to do anything which it is not his duty to do or which it is his duty not to do, or to give to the applicant anything to which he is not entitled by law. The writ neither confers powers nor imposes duties. It is simply a command to exercise a power already possessed and to perform a duty already imposed.''

The judgment appealed from should be affirmed.